### John HURST v. STATE.
### No. 15862.

Court of Criminal Appeals of Texas.

Feb. 1, 1933.

W. H. Murchison, Jr., of Haskell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

### Finn INGRAM v. STATE.
### No. 15519.

Court of Criminal Appeals of Texas.

Jan. 18, 1933.

Curtis Douglass, of Panhandle, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for transporting intoxicating liquor; punshment, one year in the penitentiary.

There are no bills of exception. The state's testimony makes out a clear case of transporting intoxicating liquor. That of appellant presents a direct denial of such conduct. It would serve no useful purpose to set out the testimony of either side at length. The jury have accepted the testimony of the state witnesses, and we must uphold this exercise of the power confided in them by statute.

The judgment will be affirmed.

### Albert LOGAN v. STATE.
### No. 15512.

Court of Criminal Appeals of Texas.

Jan. 4, 1933.

M. E. Gates, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, Judge.

The offense, possessing intoxicating liquor for the purpose of sale; the punishment, two years in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment and sentence are improperly entered, in that they fail to take note of the Indeterminate Sentence Law as set forth in article 775, C. C. P. 1925. The sentence will be reformed in that particular so as to declare that the appellant shall be confined in the penitentiary for a period of not less than one nor more than two years.

As reformed, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.